UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD LOPEZ, | No. 2:13-cv-1176 AC P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| J. KRIEG, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983.  He has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 and the appointment of counsel.  This proceeding was referred to the undersigned by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

**I.    In Forma Pauperis**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account

1

exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

##	II.	Screening of Plaintiff's Complaint

The court is required to screen complaints brought by prisoners seeking relief against a government entity or officer or employee of a government entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227−28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pled, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45−46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Plaintiff alleges that he was subjected to pain and suffering in violation of the Eighth Amendment after being denied partial dentures at Sierra Conservation Center.  ECF No. 1 at 3. Plaintiff names as defendants five individuals whom he alleges were involved in the denial of the inmate appeal he filed at Sierra Conservation Center regarding his need for partial dentures.  Id. Plaintiff alleges the denial of treatment was "set off" by first level appeals officer J. Krieg, who

incorrectly indicated that plaintiff wanted the partials for cosmetic purposes. Id. J. Krieg also failed to consider or refer to plaintiff's previous inmate appeal from CTF North Soledad State Prison in which his request for partial dentures had been partially granted. Id. at 3, 15. Krieg's actions caused a chain of "negative reactions" that eventually led to the denial of the appeal at the third level of review, and thus the denial of dental treatment. Id. W. Feitcher denied the appeal at the second level "without even considering or mentioning the pain and suffering behind the original granting… at CTF Soledad State Prison." Id. Both Dr. T. McDow and L.D. Zamora "followed suit" without further considering plaintiff's request. Id. Petitioner makes no specific allegations against C. O'Leary.

Inmates can establish an Eighth Amendment violation with respect to medical care if they can prove there has been deliberate indifference to their serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976). "Dental care is one of the most important medical needs of inmates." Hunt v. Dental Dept., 865 F.2d 198, 200 (9th Cir. 1989). In order to be found deliberately indifferent to a serious medical need, an official must know of and disregard an excessive risk to inmate health or safety. Farmer v. Brennan, 511 U.S. 825, 832 (1994). Two requirements must be met: (1) the deprivation must be, objectively, sufficiently serious; and (2) the prison official must be, subjectively, deliberately indifferent to inmate health or safety. Id. at 834.

In addition, the Civil Rights Act under which this action was filed requires that there be an actual connection or link between the actions of each named defendant and the deprivation alleged to have been suffered by the plaintiff. 42 U.S.C. § 1983; see also Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). The requisite causal connection can also be established by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury." Id. at 743−44.

3

As set forth, plaintiff alleges the five named defendants were involved in the denial of partial dentures by virtue of their actions in processing or denying his inmate appeal.  "[I]nmates lack a separate constitutional entitlement to a specific prison grievance procedure."  Ramirez v. Galaza, 334 F.3d 805, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988) ("[T]here is no legitimate claim of entitlement to a grievance procedure.").  Accordingly, the prison grievance procedure does not confer any substantive constitutional rights upon inmates and actions in reviewing and denying inmate appeals generally do not serve as a basis for liability under section 1983.  See id.; George v. Smith, 507 F.3d 605-609−10 (7th Cir. 2007) ("Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation"); Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999) (holding that prison officials whose only roles involved the denial of the prisoner's administrative grievances cannot be held liable under section 1983).  The Seventh Circuit has observed:

> Only persons who cause or participate in the violations are responsible.  Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation.  A guard who stands and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a completed act of misconduct does not.

George, 507 F.3d at 609−10.

However, because prison administrators cannot willfully turn a blind eye to constitutional violations being committed by subordinates, Jett v. Penner, 439 F.3d 1091, 1098 (9th Cir. 2006), there may be limited circumstances in which those involved in reviewing an inmate appeal can be held liable under section 1983.  See, e.g., Patten v. Kiani, 2013 WL 2558041, No. C11-2057 LHK (PR) (N.D. Cal June 10, 2013) ("Ramirez and Mann do not stand for the proposition that allegations concerning individuals involved with the administrative appeals process can never be held liable for their actions.")  An individual who denies an inmate appeal and who had the authority and opportunity to prevent an ongoing constitutional violation could potentially be subject to liability if the individual knew about an existing or impending violation and failed to prevent it.  See Jett, 439 F.3d at 1098 (holding that a supervisory official is liable under section 1983 if the official knew of a violation and failed to act to prevent it).

4

Plaintiff does not allege that he was denied his right to bring an appeal or that he was denied a particular procedure. Rather, he alleges the defendants' actions in regard to his appeal violated his rights under the Eighth Amendment. Plaintiff's appeal did not grieve a completed act or violation, but rather, the ongoing denial of dental treatment, which had been previously granted in part at a different facility. Although plaintiff's allegations are sparse, the court is unable to conclude that he could prove no set of facts in support of his claim that would entitle him to relief. Accordingly, liberally construing the complaint, the court finds plaintiff has stated a cognizable Eighth Amendment claim for relief pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b) against each named defendant except C. O'Leary. If the allegations of the complaint are proven, plaintiff has a reasonable opportunity to prevail on the merits of this action.

### III.     Motion to Appoint Counsel

Plaintiff has requested the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not find the required exceptional circumstances. Plaintiff's request for the appointment of counsel will therefore be denied at this time.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF Nos. 8, 10) is deemed timely filed and is GRANTED.
2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.
3. Plaintiff's motion for an extension of time (ECF No. 6) is denied as moot.
4. Plaintiff's motion for the appointment of counsel (ECF No. 7) is denied at this time without prejudice to renewal at a later stage.

5

5. The Clerk shall assign this case to a district judge.

Further, IT IS HEREBY RECOMMENDED that:

1. Service is appropriate for the following defendants: J. Krieg, W. Feitcher, T. McDow and L.D. Zamora.

2. Defendant C. O'Leary be dismissed from this action.

3. The Clerk of the Court shall send plaintiff five USM-285 forms, one summons, an instruction sheet and a copy of the complaint filed June 6, 2013.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

   a. The completed Notice of Submission of Documents;

   b. One completed summons;

   c. One completed USM-285 form for each defendant listed in number 3 above; and

   d. Five copies of the endorsed complaint filed June 12, 2013.

5. Plaintiff need not attempt service on defendants and need not request waiver of service. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 7, 2013

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

AC:ls//lope1176.1.F&R

6