1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

10  RICHARD LOPEZ,                                   No.  2:13-cv-1176 KJM AC P

11                      Plaintiff,

12        v.                                          ORDER

13  J. KRIEG, et al.,

14                      Defendants.

15

16        Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to

17  42 U.S.C. § 1983.  Plaintiff's June 12, 2013 complaint, ECF No. 1, was served on defendants W.

18  Feitcher, J. Krieg, and T. McDow whose response is now due on or before January 31, 2014.  See

19  ECF No. 31 (order granting extension of time).  Service on defendant L.D. Zamora was returned

20  unexecuted.  ECF No. 25.  Currently pending before the court are plaintiff's "motion with the

21  exception of the court to file [a] claim letter under Rule 26(f)" and a motion to appoint counsel.

22  ECF Nos. 28, 29.

23        In his motion to file a claim under Rule 26(f), plaintiff seeks "to settle [this] dispute

24  without having to [engage in] further litigation" and asks the court to grant him the relief

25  requested in his complaint.  ECF No. 28 at 1-2.  Plaintiff does not identify any legal authority for

26  this request.  Since defendants have not even filed a response to the complaint yet, plaintiff's

27  motion is premature.  Therefore, the court will deny the motion.

28        Plaintiff has additionally requested the appointment of counsel.  ECF No. 29.  The United

1

1  States Supreme Court has ruled that district courts lack authority to require counsel to represent

2  indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298

3  (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of

4  counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir.

5  1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In the present case, the

6  court does not find the required exceptional circumstances.  Plaintiff's request for the

7  appointment of counsel will therefore be denied.

8         Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to file a claim letter

9  (ECF No. 28) and request for the appointment of counsel (ECF No. 29) are denied.

10  DATED: December 17, 2013

11  ALLISON CLAIRE
    UNITED STATES MAGISTRATE JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2