UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD LOPEZ,<br><br>    Plaintiff,<br><br> v.<br><br>J. KRIEG, et al.,<br><br>    Defendants. | No. 2:13-cv-01176 KJM AC P<br><br><br>FINDINGS & RECOMMENDATIONS |

    Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Pending before the court are: (1) plaintiff's motion for leave to amend his complaint to add defendants; (2) plaintiff's motion to file a supplemental complaint; (3) defendants' motion to stay discovery; (4) plaintiff's motion to compel; (5) a motion to dismiss filed by defendants McDow, Feitcher, and Krieg; and, (6) a motion to dismiss filed by Defendant Zamora. The court will address each motion in turn.

I.  Procedural History

    On June 7, 2013, plaintiff commenced the instant civil rights action.[1] ECF No. 1. This court screened plaintiff's complaint on August 8, 2013 and found that it stated a colorable Eighth

---

[1] Plaintiff was afforded the benefit of the prison mailbox rule. See Houston v. Lack, 487 U.S. 266, 276 (1988).

Amendment claim based on the denial of partial dentures while plaintiff was confined at the Sierra Conservation Center.[2]  ECF No. 12.  Service of the complaint was found appropriate for defendants J. Krieg, W. Feitcher, T. McDow, and L.D. Zamora based on their actions in processing his inmate appeal related to the denial of partial dentures.  Id.  These Findings and Recommendations were adopted by District Judge Mueller on September 11, 2013.  ECF No. 19.  The pending motions to dismiss filed by defendants followed.

II.    Allegations in the Complaint

While an inmate at the California Training Facility ("CTF"), plaintiff's inmate appeal for partial dentures was partially granted on August 30, 2010.  ECF No. 1 at 15.  As a result, plaintiff was informed that all four quadrants of his mouth needed scaling/root planing before the partial dentures could be fabricated.  Id.  While the first two quadrants were completed on July 16, 2010, plaintiff did not finish the remaining two quadrants before he was transferred to the Sierra Conservation Center.

Plaintiff received dental services at the Sierra Conservation Center on or about September 29, 2011.  ECF No. 1 at 17.  At this appointment plaintiff had his teeth cleaned and requested partial dentures.  Id.  He was informed by the dentists' supervisor that he would not receive dentures because an inmate appeal granted at a different institution did not apply to the Sierra Conservation Center.  Id. at 17-18.

Plaintiff then filed a series of inmate appeals complaining about the denial of partial dentures.  According to the allegations in the complaint, defendant Krieg "set off the denial of treatment" for partial dentures at the first level of review of plaintiff's inmate appeal by indicating that plaintiff wanted the dentures for cosmetic purposes.  ECF No. 1 at 3.  In response to this inmate appeal, plaintiff was interviewed by defendant J. Krieg, Supervising Registered Dental Assistant, on October 17, 2011.  Id.  Defendant Krieg denied plaintiff's inmate appeal because he did not qualify for dentures based on CDCR policy guidelines since he had "nine occluding posterior teeth."  Id.  The decision to deny plaintiff's inmate appeal at the first level of

---

[2] Hereinafter referred to as "SCC."

2

administrative review was approved by defendant McDow, the Supervising Dentist.  ECF No. 1 at 18.

Plaintiff pursued his inmate appeal to the second level of administrative review because the CDCR dental policy cited in the first level response causes plaintiff psychological problems and "painful discomfort at night."  ECF No. 1 at 7.  Defendant Feitcher reviewed plaintiff's appeal issues as well as his unit health record ("UHR") and relied on the supervising dentist's December 22, 2011 assessment that plaintiff did not qualify for dentures because he had "more than seven occluding posterior teeth."  ECF No. 1 at 20.  As a result, defendant Feitcher denied plaintiff's inmate appeal on January 12, 2012.  ECF No. 1 at 7.  Plaintiff asserts that defendant Feitcher denied his appeal without even considering or mentioning plaintiff's pain and suffering.  Id. at 3.  Nor did defendant Feitcher give consideration to obtaining further dental studies to verify that pain that plaintiff continued to suffer without the partial dentures.  Id.

Next plaintiff filed his inmate appeal with the Office of Third Level Appeals for Health Care.  ECF No. 1 at 7.  This appeal was denied on April 13, 2012 by defendant Zamora who plaintiff also alleges violated his Eighth Amendment rights.  ECF No. 1 at 3, 21-22.

By way of relief, plaintiff requests monetary compensation for pain and suffering as well as the requested partial dentures.  ECF No. 1 at 3.

III.     Motion to Dismiss by Defendants McDow, Feitcher, and Krieg

Defendants McDow, Feitcher, and Krieg filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure contending that plaintiff failed to allege sufficient facts to state a cause of action for deliberate indifference to his dental needs.  ECF No. 38-1 at 7-9.  Defendant Krieg asserts that the denial of partial dentures was an appropriate medical determination based on her objective observations of plaintiff, a review of his unit health record, and CDCR polices.  Id. at 7.  In this vein, the allegations in the complaint only establish a difference of opinion between the patient and the treating physician which does not, as a matter of law, establish an Eighth Amendment violation.  Id. at 8.  Moreover, since neither the second nor third level of administrative reviews referred to "cosmetic reasons" as a basis for denial, she is not the actual and proximate cause of plaintiff's injury.  Id.

3

1         Defendants McDow and Feitcher both contend that their administrative decisions in
2  denying plaintiff's inmate appeal were based on a full review of his subjective complaints, his
3  medical records, and CDCR policies and procedures related to dental care. ECF No. 38-1 at 8-9.
4  The facts alleged in plaintiff's complaint merely establish a difference of medical opinion rather
5  than deliberate indifference to plaintiff's serious dental needs. Id.
6         Furthermore, all three defendants collectively assert that they are entitled to qualified
7  immunity because their conduct did not violate a clearly established constitutional or statutory
8  right and because no reasonable dental provider would have granted plaintiff's request for partial
9  dentures. ECF No. 38-1 at 11.
10        In a separately-filed notice of recent Ninth Circuit ruling, defendants McDow and Feitcher
11 argue that the Eighth Amendment claim against them should be dismissed for failing to state a
12 claim because they did not interview or treat plaintiff, but relied instead on plaintiff's treating
13 dentist's or defendant Krieg's determinations that partial dentures were not medically necessary.
14 ECF No. 61 at 2-3 (citing Peralta v. Dillard, 744 F.3d 1076 (9th Cir. 2014)).

15 IV.    Motion to Dismiss by Defendant Zamora

16        Defendant Zamora filed a separate motion to dismiss pursuant to Rule 12(b)(6)
17 contending that the third level response to plaintiff's inmate grievance, which she authored and
18 was attached to plaintiff's complaint, demonstrates that the denial of partial dentures was
19 carefully evaluated, medically appropriate, and consistent with CDCR policy. ECF No. 55-1 at 7-
20 8. According to defendant Zamora, plaintiff's grievance was based on his misunderstanding of
21 the results of his administrative grievance filed at the California Training Facility. Id. at 7.
22 Defendant Zamora interpreted the grievance to be granted only to the extent that plaintiff would
23 receive all "pro-prosthetic services prior to a final evaluation of the need for prosthetics." ECF
24 ECF No. 1 at 21 (Third Level Response authored by defendant Zamora). Thus, the denial of
25 plaintiff's inmate grievance was not the result of defendant Zamora's conscious disregard for an
26 excessive risk to plaintiff's health, but was merely a difference of opinion between doctor and
27 patient. ECF No. 55-1 at 8. Defendant Zamora also asserts that she is entitled to qualified
28 immunity because her conduct did not violate a clearly established constitutional or statutory right

1   and because no reasonable grievance reviewer would have granted plaintiff's request for partial

2   dentures.  ECF No. 55-1 at 10.

3   V.      Plaintiff's Oppositions to Motions to Dismiss

4           Plaintiff opposes the motion to dismiss filed by defendants McDow, Feitcher, and Krieg

5   by generally asserting that pro se pleadings must be liberally construed.  ECF No. 49 at 3.  He

6   specifically argues that defendants Krieg and McDow misstated CDCR dental policy pertaining

7   to the provision of prosthodontics services.  Id. at 7.  Plaintiff then cites Paratt v. Taylor, 451 U.S.

8   527, 554-55 (1981), overruled by Daniels v. Williams, 474 U.S. 327 (1986), for the proposition

9   that § 1983 relief encompasses negligent deprivations of Constitutional rights.  Id. at 11.  Plaintiff

10  also attaches numerous exhibits to his opposition including the original complaint, the motion to

11  dismiss, as well as CDCR regulations governing prosthodontics services and dental care.  Id. at

12  13-66.

13          Plaintiff also filed two additional, yet conclusory, oppositions to this same motion to

14  dismiss.  See ECF Nos. 58, 63.  The only additional argument included therein is plaintiff's

15  assertion that defendants should not be entitled to rely on new changes in the law such as the

16  Ninth Circuit's opinion in Peralta.  ECF No. 63 at 1-2.

17          In a separately filed opposition to defendant Zamora's motion, plaintiff appears to expand

18  the scope of his complaint to include a due process violation for failing to honor the already

19  granted grievance from the California Training Facility.  ECF Nos. 58 at 2, 64.  With respect to

20  the Eighth Amendment claim, plaintiff alleges that defendant Zamora "took it upon oneself to

21  agree with other defendants rather than rely on trained knowledge (held in a respondeat position)

22  to exercise unbias[ed]ly and grant plaintiff's medical/dental treatment." Id.  Plaintiff contests

23  defendant Zamora's assertion that she is entitled to qualified immunity because she knew or

24  should have known that her actions violated clearly established federal law.  Id. at 2-3.

25  VI.     Defendants' Reply to Opposition to Motion to Dismiss

26          Defendants McDow, Feitcher, and Krieg point out in their reply that plaintiff did not

27  address their argument that the denial of his partial dentures amounted to a difference of medical

28  opinion and not an Eighth amendment violation.  ECF No. 51 at 2.  Plaintiff's argument that

1  defendant Krieg misquoted CDCR policy in the inmate grievance denial, does not establish an
2  Eighth Amendment violation because even the dental policy proffered by plaintiff demonstrates
3  that partial dentures were not medically required. Id. at 4. Defendants contend that the remainder
4  of plaintiff's legal arguments are not even relevant to the issues raised in the motion to dismiss.
5  Id. at 5. Lastly, defendants assert that since plaintiff did not address their qualified immunity
6  argument, he therefore "cannot refute a finding that Defendants acted reasonably in denying
7  partial dentures that were not medically necessary." Id. at 6.

8  VII.    Standards Governing the Motions to Dismiss

9        The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal
10 sufficiency of the complaint. N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir.
11 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of
12 sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901
13 F.2d 696, 699 (9th Cir. 1990). In order to survive dismissal for failure to state a claim, a
14 complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it
15 must contain factual allegations sufficient to "raise a right to relief above the speculative level."
16 Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "The pleading must contain
17 something more ... than ... a statement of facts that merely creates a suspicion [of] a legally
18 cognizable right of action." Id., (quoting 5 C. Wright & A. Miller, Federal Practice and
19 Procedure § 1216, pp. 235–236 (3d ed. 2004). "[A] complaint must contain sufficient factual
20 matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal,
21 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility
22 when the plaintiff pleads factual content that allows the court to draw the reasonable inference
23 that the defendant is liable for the misconduct alleged." Id.

24      In considering a motion to dismiss, the court must accept as true the allegations of the
25 complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976),
26 construe the pleading in the light most favorable to the party opposing the motion and resolve all
27 doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, reh'g denied, 396 U.S.
28 869 (1969). The court will "'presume that general allegations embrace those specific facts that

are necessary to support the claim.'" National Organization for Women, Inc. v. Scheidler, 510 U.S. 249, 256 (1994) (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 561, (1992)). Moreover, pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972).

The court may consider facts established by exhibits attached to the complaint. Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987). The court may also consider facts which may be judicially noticed, Mullis v. United States Bankruptcy Ct., 828 F.2d 1385, 1388 (9th Cir. 1987); and matters of public record, including pleadings, orders, and other papers filed with the court, Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir. 1986). The court need not accept legal conclusions "cast in the form of factual allegations." Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

VIII.   Standards Governing Eighth Amendment Claim

In order to state a § 1983 claim for violation of the Eighth Amendment based on inadequate medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). "Dental care is one of the most important medical needs of inmates." Ramos v. Lamm, 639 F.2d 559, 576 (10th Cir.1980), cert. denied, 450 U.S. 1041 (1981) (cited with approval in Hunt v. Dental Dept., 865 F.2d 198 (9th Cir. 1989).   To prevail, plaintiff must show both that his medical needs were objectively serious, and that defendants possessed a sufficiently culpable state of mind. Wilson v. Seiter, 501 U.S. 294, 299 (1991); McKinney v. Anderson, 959 F.2d 853 (9th Cir. 1992) (on remand).

The requisite state of mind for a medical claim is "deliberate indifference." Hudson v. McMillian, 503 U.S. 1, 4 (1992). The Supreme Court has defined a very strict standard for "deliberate indifference." See Farmer v. Brennan, 511 U.S. 825 (1994). Neither negligence nor civil recklessness is sufficient. Farmer, 511 U.S. at 835, 836–37. Neither is it sufficient that a reasonable person would have known of the risk or that a defendant should have known of the risk. Id. at 842. A prison official acts with deliberate indifference only if the official knows of and disregards an excessive risk to inmate health and safety. See Gibson v. County of Washoe,

7

Nevada, 290 F.3d 1175, 1187 (9th Cir. 2002).

IX.  Analysis of Motions to Dismiss

While defendants are correct that a difference of opinion between a prison medical provider and an inmate-patient is not sufficient to state an Eighth amendment claim, the exhibits attached to the complaint establish more.  The first level appeal response by A. Wise, DDS from the California Training Facility, viewed in the light most favorable to plaintiff and drawing all reasonable inferences therefrom, provides that plaintiff had a dental priority code of two while at CTF.  ECF No. 1 at 15.  At the SCC, plaintiff's dental priority code was changed to a four which only required him to have an annual examination.  Id. at 17-18.  The CTF appeal response further indicates that plaintiff's dental treatment plan "consists of four quadrants of Scaling/Root Planing before partial dentures can be fabricated."  Id.  Contrary to the assertions of defendant Zamora, nowhere in this appeal response does it explain that plaintiff's need for partial dentures will be evaluated only after he receives all the pre-prosthetic services in his treatment plan.  Therefore, the exhibits attached to the complaint establish a difference of opinion between dental treatment providers – not merely between a provider and the plaintiff – concerning plaintiff's need for partial dentures.

However, a difference of medical opinion is equally insufficient to state an Eighth Amendment claim for relief.  See Toguchi v. Chung, 391 F.3d 1051 (9th Cir. 2004); Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 996).  "Rather, to prevail on a claim involving choices between alternative courses of treatment, a prisoner must show that the chosen course of treatment 'was medically unacceptable under the circumstances,' and was chosen 'in conscious disregard of an excessive risk to the prisoner's health.'"  Toguchi, 391 F.3d at 1058 (quoting Jackson, 90 F.3d at 332).  Even assuming the former, the allegations in the complaint fail to establish that defendants acted in conscious disregard of an excessive risk to plaintiff's health in deciding not to provide him with partial dentures.  Plaintiff merely alleges that the failure to provide him with partial dentures caused him psychological detriment and painful discomfort at night.  ECF No. 1 at 7.  Neither of those alleged side effects rises to the level of an excessive risk to plaintiff's health.  Compare Hearns v. Terhune, 413 F.3d 1036 (9th Cir. 2005) (reversing the

8

1  dismissal of a § 1983 complaint alleging a lack of drinkable water when the temperatures in the

2  prison yard regularly exceeded one hundred degree because this constituted a sufficiently serious

3  risk to an inmate's health and safety to state a cause of action under the Eighth Amendment).

4  Therefore, the undersigned recommends granting defendants' motion to dismiss on this basis.[3]

5  In light of the above recommendation, the undersigned finds it unnecessary to address

6  defendants' alternative argument that they are entitled to qualified immunity.

7  X.      Plaintiff's Motion for Leave to Amend

8  In his motion for leave of court to add names, plaintiff appears to seek to amend his

9  complaint by adding Dr. Col, an optometrist, and J. St. Clair, M.D. as additional defendants in

10 the present action. ECF No. 52 at 2. Plaintiff provides no explanation as to how these putative

11 defendants were involved in his dental treatment. In fact, the exhibits attached to the motion

12 indicate that Dr. Col evaluated plaintiff in November 2013 and diagnosed him with a mild

13 cataract. ECF No. 52 at 7. J. St. Clair denied plaintiff's Second Level Response to a health care

14 appeal related to his vision needs. Id. at 8.

15 XI.     Defendants' Opposition to Motion to Amend

16 Defendants oppose plaintiff's motion to amend on the grounds that he failed to comply

17 with the Local Rules by not attaching a proposed amended complaint. ECF No. 57 at 2-3.

18 Joinder of the two-named additional defendants is also improper according to defendants because

19 the claims do not arise out of the same transaction and because there are no common legal or

20 factual questions involved. Id. at 4.

21 XII.    Standards Governing Leave to Amend

22 If the Court finds that a complaint should be dismissed for failure to state a claim, the

23 Court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122,

24 1126-30 (9th Cir. 2000) (en banc). Leave to amend should be granted if it appears possible that

25 the defects in the complaint could be corrected, especially if a plaintiff is pro se. Id. at 1130-31;

26

27 [3] The court therefore finds it unnecessary to address defendant McDow's and Feitcher's argument that they should be dismissed from this action on the basis of the Ninth Circuit's recent opinion in
28 Peralta v. Dillard, 744 F.3d 1076 (9th Cir. 2014).

9

1  see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be
2  given leave to amend his or her complaint, and some notice of its deficiencies, unless it is
3  absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (citing
4  Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987)).  However, if, after careful consideration, it
5  is clear that a complaint cannot be cured by amendment, the Court may dismiss without leave to
6  amend.  Cato, 70 F.3d at 1005-06.

7  Five factors are frequently used to assess the propriety of whether leave to amend should
8  be granted: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of
9  amendment; and (5) whether plaintiff has previously amended his complaint.  Allen v. City of
10 Beverly Hills, 911 F.2d 367, 373 (9th Cir. 1990) (citing Ascon Properties, Inc. v. Mobil Oil Co.,
11 866 F.2d 1149, 1160 (9th Cir. 1989)).  "Futility alone may be grounds for denying leave to
12 amend.  See Steckman v. Hart Brewing, Inc., 143 F.3d 1293, 1298 (9th Cir. 1998); see, e.g., DCD
13 Programs, Ltd. v. Leighton, 833 F.2d 183, 188 (9th Cir. 1987) (quoting Klamath–Lake
14 Pharmaceutical Ass'n v. Klamath Medical Service Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983).

15 XIII.  Analysis of Motion to Amend

16 Here, the court could grant plaintiff leave to amend based on his motion to add defendants
17 or based on the dismissal of his complaint for failure to state a claim.  Turning first to plaintiff's
18 motion for leave to amend, the court notes that plaintiff has failed to comply with Local Rule
19 137(c) by not filing a proposed amended complaint contemporaneously with the motion for leave
20 to amend.  While normally such a failure to comply with procedural rules would result in a denial
21 of the motion without prejudice, here there are additional factors warranting a denial with
22 prejudice.

23 Plaintiff's attempt to join these additional defendants is not proper because the claims do
24 not arise out of the same transaction or occurrence.  Fed. R. Civ. P. 20(a)(2)(A).  There is a two
25 year gap between the allegations against the defendants and plaintiff's complaints against Doctors
26 Col and St. Claire.  Nor is there any question of law or fact common to all defendants.  Fed. R.
27 Civ. P. 20(a)(2)(B).  "Unrelated claims against different defendants belong in different suits, not
28 only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also

1   to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to
2   3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the
3   required fees." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (citing 28 U.S.C. § 1915(g)).
4   Thus, the proposed amendment in this case would be futile. The undersigned therefore
5   recommends denying with prejudice plaintiff's motion for leave to amend his complaint by
6   adding defendants Col and St. Clair.

7   However, the undersigned nonetheless recommends that plaintiff's complaint should be
8   dismissed with leave to amend. At present, the factual allegations in the complaint are
9   insufficient to establish a cognizable legal theory. See Balistreri, 901 F.2d at 699. However,
10  plaintiff may be able to amend his complaint for inadequate dental care to state sufficient facts
11  under a cognizable legal theory. Therefore, it is not absolutely clear that the noted deficiencies
12  could not be cured by amendment. See Cato, 70 F.3d at 1106. Moreover, the five Allen factors
13  suggest that leave to amend is appropriate. Allen, 911 F.2d at 373. The Court is unable to find
14  that plaintiff, appearing pro se, acted in bad faith or caused undue delay. Moreover, defendants
15  have not been prejudiced as a result of this litigation in light of the undersigned's
16  recommendation to stay discovery. As to the fourth and fifth factors, plaintiff has not had a prior
17  opportunity to amend his pleading. Nor can the court say at this preliminary juncture that
18  allowing plaintiff to file an amended complaint would be futile. Therefore, the undersigned
19  recommends dismissing plaintiff's complaint with leave to amend.

20  XIV.    Plaintiff's Motion to File a Supplemental Complaint
21  On January 16, 2014, plaintiff filed a motion to file a supplemental complaint with
22  additional evidence from another inmate who was confined, at one time, to the Sierra
23  Conservation Center. ECF No. 35. Plaintiff asserts that this additional evidence supports and
24  establishes "collective negligence throughout the CDC prison system." Id. at 2. In light of the
25  above recommendation to dismiss plaintiff's complaint with leave to amend, the undersigned
26  further recommends denying the motion to supplement the complaint as moot.

27  XV.     Defendants' Motion to Stay Discovery
28  On February 3, 2014, defendants McDow, Feitcher, and Krieg moved to stay discovery, in

the interests of judicial economy, and on the bases that defendants' motion to dismiss was potentially dispositive of the entire case, could be decided absent additional discovery, and plaintiff would not be prejudiced by granting of the stay.  ECF No. 40.

XVI.    Plaintiff's Opposition to Motion to Stay

In response, plaintiff filed a voluminous opposition totaling almost 100 pages including exhibits that pertain to entirely separate complaints about issues unrelated to his dental treatment.  ECF No. 44 at 6-51.  Plaintiff sent additional unrelated attachments to his opposition on February 14, 2014.  ECF No. 46.  The only responsive portion of plaintiff's opposition concerns his outstanding interrogatory request for a mailing address for defendant Zamora in order to effect service of process.  However, defendants provided plaintiff with an updated CDCR mailing address for defendant Zamora on February 7, 2014, and she has now been served.  See ECF Nos. 47 at 3, 48.

XVII.   Plaintiff's Motion to Compel

Plaintiff also filed a separate motion seeking to compel defendants to respond to plaintiff's interrogatories propounded on January 21, 2014.  ECF No. 59 at 2, 4-6.  Plaintiff argues that the information requested in discovery is necessary for the court "to determine whether defendants are certified medical employees by regulated laws within the State of California." Id. at 2.

XVIII.  Defendants' Opposition to Motion to Compel

Defendants oppose the motion to compel on the grounds that plaintiff's discovery request was premature because defendants had not yet filed an answer to the complaint nor had the court issued a discovery and scheduling order.  ECF No. 62 at 2-4.  Defendants also assert that the motion is premature because the court has not yet ruled on plaintiff's motion to stay discovery. Id. at 4.  Plaintiff also failed to comply with the meet and confer requirement of Rule 37(a)(1) of the Rules of Civil Procedure prior to filing the motion to compel.  Id. at 3.

XIX.    Standards Governing Motion to Stay

A party may seek a protective order that stays discovery pending resolution of a potentially dispositive motion such as a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  See, e.g., Wenger v. Monroe, 282 F.3d 1068, 1077 (9th Cir. 2002) (affirming

district court's grant of protective order staying discovery pending resolution of motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6)).  District courts may exercise "wide discretion in controlling discovery."  Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir. 1988). The Ninth Circuit Court of Appeals has held that in a context of a pending motion to dismiss for failure to state a claim on which relief can be granted, a district court may enter a protective order staying discovery, on a showing of good cause, when the district court "is convinced that the plaintiff will be unable to state a claim for relief."  Wood v. McEwen, 644 F.2d 797, 801 (9th Cir. 1981) (per curiam) (emphasis added) (affirming district court's protective order staying discovery in light of a pending motion to dismiss where "there was a real question" whether the plaintiff's claim presented a substantive basis for vacating a prior judgment and plaintiff at no time alleged that any prejudice resulted from the order), cert. denied, 455 U.S. 942 (1982); accord Wenger, 282 F.3d at 1077.

However, the Ninth Circuit Court of Appeals has not announced a clear standard against which to evaluate a request or motion to stay discovery in the face of a pending, potentially dispositive motion.  However, federal district courts in California, including this court, have applied a two-part test when evaluating such a request for a stay.  Lowery v. F.A.A., 1994 WL 912632, *3 (E.D.Cal.1994).  First, the pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is aimed.  Id.  Second, the court must determine whether the pending, potentially dispositive motion can be decided absent additional discovery.  Id.  If the moving party satisfies these two prongs, the court may issue a protective order.  Id.  Discovery should proceed if either prong of the test is not met.  Id.

XX.     Analysis of Discovery Motions

     A.     Motion to Stay

Here, defendants satisfy both requirements of Lowery.  First, their motion to dismiss is dispositive of the entire case against all defendants.  Second, the motion to dismiss can be adjudicated without resort to additional discovery.  In light of this court's recommendation on the motions to dismiss and after considering the factors in Lowery, the undersigned recommends granting defendants' motion to stay discovery.

B.     Motion to Compel

The undersigned further recommends denying plaintiff's motion to compel as moot in light of the above recommendation concerning defendants' motion to stay discovery.

XXI.   Conclusion

IT IS HEREBY RECOMMENDED that:

1. The motion to dismiss filed by defendants Feitcher, Krieg, and McDow (ECF No. 38) be granted;

2. Defendant Zamora's motion to dismiss (ECF No. 55) be granted;

3. Plaintiff's complaint (ECF No. 1) be dismissed with leave to amend;

4. Plaintiff shall file a first amended complaint limited to allegations of inadequate dental care at SCC within twenty-eight days of the district court's review and adoption of these Findings and Recommendations;

5. Plaintiff's motion to amend the complaint (ECF No. 52) be denied;

6. Plaintiff's motion to file a supplemental complaint (ECF No. 35) be denied as moot;

7. The motion to stay discovery filed by defendants Feitcher, McDow, and Krieg (ECF No. 40) be granted;

8. Plaintiff's motion to compel (ECF No. 59) be denied as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  **Due to exigencies in the court's calendar, no extensions of time will be granted.**  The parties are

////

////

////

////

1 advised that failure to file objections within the specified time may waive the right to appeal the

2 District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

3 DATED: July 18, 2014

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE