UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD LOPEZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>J. KRIEG, et al.,<br><br>　　　　　Defendants. | No.  2:13-cv-1176 KJM AC P<br><br><br>FINDINGS AND RECOMMENDATIONS |

I.   Introduction

　　　Plaintiff is a state prisoner under the authority of the California Department of Corrections and Rehabilitation (CDCR), proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.  This matter is referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　This action proceeds on plaintiff's First Amended Complaint (FAC), filed October 27, 2014, against defendants J. Krieg, T. McDow, W. Feichter, and L.D. Zamora.  ECF No. 70. Presently pending is defendants' motion to dismiss pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, filed November 7, 2014, for failure to state a claim or, alternatively, qualified immunity.  ECF No. 71.  Plaintiff has filed an opposition, ECF No. 72; defendants filed a reply, ECF No. 73.  For the reasons that follow, this court recommends that defendants' motion to dismiss be granted as to defendants Feichter and Zamora, but denied as to defendants Krieg and

McDow.

II. <u>Plaintiff's Allegations as Set Forth in his Administrative Appeals</u>[1]

On July 21, 2010, while an inmate in "North Facility" at the California Training Facility ("CTF") in Soledad, plaintiff filed an inmate appeal seeking approval for partial dentures. His appeal stated in full, ECF No. 70 (FAC) at 12:

> <u>Describe Problem</u>: I would like to have parcials (sic) because I have been having problems when chewing my food. My gums get bruised and cause pain. Under Section 3350[b](4),[2] I should be given this dental treatment (replacement) because it's a medical problem as well. Also because I'm a lifer and have not the ability to seek or purchase dental services elsewhere.
>
> <u>Action Requested</u>: That I be given parcial (sic) because I am unable to chew food properly and many foods, fruits cause cuts and bruises which irritate and are painful.

On August 26, 2010, plaintiff's appeal was partially granted by CTF staff dentist Dr. Andrew Wise, and approved by the supervising dentist on August 31, 2010. <u>Id.</u> at 13-4. The appeal response provides in pertinent part, <u>id.</u> at 14 (emphasis deleted):

> Your treatment plan consists of four quadrants of Scaling/Root Planing before partial dentures can be fabricated. Two quadrants were completed on July 16, 2010. You will be ducated for the remaining quadrants according to your dental priority code (DPC) of two (2). Your request for partial dentures is partially granted. . . .

---

[1] Plaintiff has attached copies of his inmate appeals to his FAC. Documents attached to a complaint are part of the complaint and may be considered in determining whether plaintiff can prove any set of facts in support of his claims. "If a complaint is accompanied by attached documents, the court is not limited by the allegations contained in the complaint. These documents are part of the complaint and may be considered in determining whether the plaintiff can prove any set of facts in support of the claim. Moreover, when the allegations of the complaint are refuted by an attached document, the Court need not accept the allegations as being true." <u>Roth v. Garcia Marquez</u>, 942 F.2d 617, 625 (9th Cir. 1991) (citations and internal quotation marks omitted).

[2] California Code of Regulations, tit. 15, § 3350 provides in part that CDCR "shall only provide medical services for inmates, which are based on medical necessity and supported by outcome data as effective medical care." 15 C.C.R. § 3350(a). "Medically Necessary means health care services that are determined by the attending physician to be reasonable and necessary to protect life, prevent significant illness or disability, or alleviate severe pain, and are supported by health outcome data as being effective medical care" <u>Id.</u>, §3350(b)(3). "Severe pain means a degree of discomfort that significantly disables the patient from reasonable independent function." <u>Id.</u>, §3350(b)(4).

> Your First Level appeal has been partially granted in accordance with the Dental Policy and Procedures.

Plaintiff was thereafter transferred to the Sierra Conservation Center (SCC) in Jamestown, to be closer to family. In September 2011, after having his teeth cleaned, plaintiff "mentioned to the SCC Dentist that earlier in the week I left a copy of a 602, which was granted at CTF North Facility Soledad for Partials." ECF No. 70 (FAC), at 5, 7. The dentist, Dr. Lor (not a defendant), informed plaintiff that the SCC was not obligated to implement the decision reached in plaintiff's CTF appeal, told plaintiff that he did not need to return for dental care until his next annual examination, and accorded plaintiff a Dental Priority Code (DPC) 4.[3] Id. at 7, 16-7.

On October 7, 2011, plaintiff filed a California Correctional Health Care Services (CCHCS) appeal at SCC requesting that the decision reached on his CTF appeal "be honored as binding authority." Id. at 5. Plaintiff stated that the failure to complete the authorized dental work "continues to prolong pain and suffering" in violation of the Eighth Amendment. Id. at 7, 9-10. Plaintiff stated that the "removable and missing teeth (by the CDC) has caused me to have serious pain at meal time. . . . [including] cut[s] and bruises in areas of the gums being exposed." Id. at 9. Plaintiff stated that "I have been waiting at least a year, resulting in pain and suffering; physical and mental." Id. at 10.

In response to this appeal, plaintiff was interviewed by defendant J. Krieg, SCC Supervising Registered Dental Assistant (SRDA), on October 17, 2011. In a First Level Appeal decision denying plaintiff's appeal, issued November 7, 2011, defendant T. McDow, Supervising Dentist (SD), explained, id. at 17:

> SRDA Krieg explained that based on policies and procedures, an inmate does not qualify for prosthetics if all the anterior teeth were present or had eight or more occluding posterior teeth. She stated you have nine occluding posterior teeth at this time and did not qualify for prosthetics. . . . Your request to get partials is denied as

---

[3] According to CDCR's Inmate Dental Services Program Policies & Procedures (IDSPP&P) (which is Volume 8 of CCHCS' Inmate Medical Services Policies & Procedures (IMSP&P)), Dental Priority Classifications include DPC 1 (urgent care); DPC 2 (interception care, within 120 days); DPC 3 (routine rehabilitative care, within one year); DPC 4 (no dental care needed); and DPC 5 (special needs care). IDSPP&P, Chapter 5.4-3.

3

> per Inmate Dental Services Program Policies & Procedures, Chapter 2.6, an inmate does not qualify for prosthetics if all anterior teeth are present or he has eight or more occluding posterior teeth. At the present time, you have nine occluding posterior teeth. [¶] A review of your appeal with attachment(s), Unit Health Record (UHR), and all pertinent departmental policies and procedures were reviewed.

Plaintiff pursued his appeal to second level review, alleging that failure to grant his request was psychologically detrimental, that "my teeth must rely on (the now missing) other teeth for support," which "brings painful discomfort at night." ECF No. 70 (FAC) at 6. Plaintiff stated that Dr. Krieg had "insinuated that I wanted a replacement for cosmetic purposes. This is a bias . . . I request an impartial expert." Id. at 6, 8. In a decision rendered January 11, 2012, defendant W. Feichter, Health Program Manager (HPM) III, stated that she had reviewed plaintiff's appeal issues and UHR, and agreed with defendant McDow's assessment of plaintiff's UHR that "you do not qualify for a partial/denture as all of your anterior teeth are present and you have more than seven occluding posterior teeth." Id. at 19. Defendant Feichter denied plaintiff's appeal at the Second Level, stating: "Per Inmate Dental Services Program Policies & Procedures, Chapter 2.6, an inmate does not qualify for prosthetics if all anterior teeth are present or he has eight or more occluding posterior teeth. At the present time, you have nine occluding posterior teeth." Id.

Plaintiff pursued his appeal to the third level. ECF No. 70 (FAC) at 6. In a decision issued April 13, 2012, by defendant L.D. Zamora, CCHCS Chief, denied plaintiff's appeal on the following grounds, id. at 20-1:

> Your appeal file and document obtained from your Unit Health Record (UHR) were reviewed by licensed clinical staff and revealed the following:
>
> • You have misinterpreted the First Level Response from CTF. In being partially granted, CTF meant you would receive all pre-prosthetic services prior to a final evaluation of the need for prosthetics;
>
> • The comprehensive dental exam at SCC is clear that you do not have the medical necessity for dental prostheses.
>
> The Inmate Dental Services Program Policies and Procedures, Chapter 2.6, states in part, "A dental prosthesis shall be constructed

4

> only when an inmate-patient is edentulous, is missing an anterior tooth, or have seven or fewer poster teeth in occlusion."
>
> After review, there is no compelling evidence that warrant interventions at the DLR as your dental condition has been evaluated by licensed clinical staff and you are receiving treatment deemed medically necessary.

III.   Plaintiff's Initial Complaint and its Dismissal

Plaintiff filed his initial complaint in this action on June 12, 2013.  Upon screening the complaint pursuant to Section 1983 and 28 U.S.C. § 1915A, the court found that, "[a]lthough plaintiff's allegations are sparse, the court is unable to conclude that he could prove no set of facts in support of his claim that would entitle him to relief.  Accordingly, liberally construing the complaint, the court finds plaintiff has stated a cognizable Eighth Amendment claim for relief pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b)" against defendants Krieg, Feichter, McDow, and Zamora.  ECF No. 12 at 5; see also ECF No. 19.

In December 2013, while awaiting defendants' responses to his complaint, plaintiff was transferred back to Soledad's CTF North Facility, ECF No. 33, where he has since remained.

Defendants responded to the complaint with motions to dismiss premised on plaintiff's alleged failure to state a cognizable claim.  See ECF Nos. 38, 55.  By findings and recommendations filed July 21, 2014, ECF No. 66, and order filed September 29, 2014, ECF No. 69, the court granted defendants' motions to dismiss, but accorded plaintiff leave to file an amended complaint.  In granting defendants' motions, the court found that the allegations of the complaint "fail[ed] to establish that defendants acted in conscious disregard of an excessive risk to plaintiff's health in deciding not to provide him with partial dentures."  ECF No. 66 at 8.  Nevertheless, while recognizing that "the factual allegations in the complaint are insufficient to establish a cognizable legal theory," the undersigned found that "plaintiff may be able to amend his complaint for inadequate dental care to state sufficient facts under a cognizable legal theory." Id. at 11.  The court reasoned "it is not absolutely clear that the noted deficiencies could not be cured by amendment," or that "allowing plaintiff to file an amended complaint would be futile." Id.  The court was persuaded in part by the fact that plaintiff had not had a prior opportunity to

5

1  amend his pleading.  Id.

2      IV.    Plaintiff's First Amended Complaint

3      On October 27, 2014, plaintiff filed his First Amended Complaint.  ECF No. 70.  In

4  addition to the exhibits attached to the complaint, see n.1, supra, plaintiff's allegations provide in

5  pertinent part, id. at 3 (sic):

> The first defendant J. Krieg denied the already recommended dental procedures, stating that SCC does not accept other Institutional granted appeals, and they don't do cosmetic treatment.  The second defendant [Feichter] agreed with the first defendant and denied the medical sections 3352.1, 3352.2(A)-(C) and aware of the pain & suffering, denied further medical/dental treatment rather than refering to a specialist as required.  Dr. T. McDow the Third defendant denied the appeal at First level along with J. Krieg (SRDA) without refering the dental treatment to a specialist, thefore causing further negligence.  L.D. Zamora denied the granted appeal stating that I mis-interpreted the original granted appeal?  Causing further negligence – adding to the pain and suffering I continue having with exposed gums, soreness, lack of sleep open cuts when chewing food.

14     Pursuant to the FAC, plaintiff seeks the following relief:  "I want my teeth (parcials) put

15  in and $75,000.00 in damages or my freedom so as I can get my teeth fix[ed] (sic)."  Id. at 3.

16     V.    Defendants' Motion to Dismiss Under Rule 12(b)(6)

17     Defendants move to dismiss the FAC and this action for failure to state a cognizable claim

18  against any defendant, under Federal Rule of Civil Procedure 12(b)(6), or, alternatively, premised

19  on qualified immunity.

20         A. Legal Standards Governing Motion to Dismiss

21     The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal

22  sufficiency of the complaint.  North Star Intern. v. Arizona Corp. Com'n, 720 F.2d 578, 581 (9th

23  Cir. 1983).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of

24  sufficient facts alleged under a cognizable legal theory."  Balistreri v. Pacifica Police Dep't, 901

25  F.2d 696, 699 (9th Cir. 1990).  In order to survive dismissal for failure to state a claim, a

26  complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it

27  must contain factual allegations sufficient to "raise a right to relief above the speculative level."

28  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "The pleading must contain

1  something more ... than ... a statement of facts that merely creates a suspicion [of] a legally
2  cognizable right of action." Id., (quoting 5 C. Wright & A. Miller, Federal Practice and
3  Procedure § 1216, pp. 235-36 (3d ed. 2004). "[A] complaint must contain sufficient factual
4  matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal,
5  556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility
6  when the plaintiff pleads factual content that allows the court to draw the reasonable inference
7  that the defendant is liable for the misconduct alleged." Id.

8  In considering a motion to dismiss, the court must accept as true the allegations of the
9  complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976),
10 construe the pleading in the light most favorable to the party opposing the motion and resolve all
11 doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, reh'g denied, 396 U.S.
12 869 (1969). The court will "'presume that general allegations embrace those specific facts that
13 are necessary to support the claim.'" National Organization for Women, Inc. v. Scheidler, 510
14 U.S. 249, 256 (1994) (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 561, (1992)).
15 Moreover, pro se pleadings are held to a less stringent standard than those drafted by lawyers.
16 Haines v. Kerner, 404 U.S. 519, 520 (1972).

17 The court may consider facts established by exhibits attached to the complaint. Durning
18 v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987). The court may also consider facts
19 which may be judicially noticed, Mullis v. United States Bankruptcy Ct., 828 F.2d 1385, 1388
20 (9th Cir. 1987); and matters of public record, including pleadings, orders, and other papers filed
21 with the court, Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir. 1986). The
22 court need not accept legal conclusions "cast in the form of factual allegations." Western Mining
23 Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

24  B. Legal Standards Governing Eighth Amendment Deliberate Indifference Claims

25 As a threshold matter, to state a cognizable claim under Section 1983, plaintiff must allege
26 an actual connection or link between the challenged conduct of a specific defendant and
27 plaintiff's alleged constitutional deprivation. See Monell v. Department of Social Services, 436
28 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "The inquiry into causation must be

individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir.1988) (citations omitted).

In order to state a Section 1983 claim for violation of the Eighth Amendment premised on allegedly unconstitutional medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to [his] serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). Plaintiff must allege both that his medical needs were objectively serious, and that defendants possessed a sufficiently culpable state of mind. Wilson v. Seiter, 501 U.S. 294, 299 (1991); McKinney v. Anderson, 959 F.2d 853, 854 (9th Cir. 1992) (on remand).

A serious medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Indications that a prisoner has a serious medical need are the following: the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain. See e.g. Wood v. Housewright, 900 F.2d 1332, 1337-41 (9th Cir. 1990) (citing cases); Hunt v. Dental Dept., 865 F.2d 198, 200-01 (9th Cir. 1989). McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled on other grounds, WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

The requisite state of mind for a prisoner medical claim is "deliberate indifference." Hudson v. McMillian, 503 U.S. 1, 5 (1992). In Farmer v. Brennan, 511 U.S. 825 (1994), the Supreme Court established a very demanding standard for "deliberate indifference." Negligence is insufficient. Id. at 835. Even civil recklessness (failure to act in the face of an unjustifiably high risk of harm which is so obvious that it should be known) is insufficient to establish an Eighth Amendment violation. Id. at 836-37. It is not enough that a reasonable person would have known of the risk or that a defendant should have known of the risk. Id. at 842.

> In the Ninth Circuit, the test for deliberate indifference consists of two parts. First, the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Second, the plaintiff must show the defendant's

8

>response to the need was deliberately indifferent.  This second prong . . . is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference.

Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal citations, punctuation and quotation marks omitted); accord, Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Lemire v. CDCR, 726 F.3d 1062, 1081 (9th Cir. 2013).  To state a claim for deliberate indifference to serious medical needs, a prisoner must allege that a prison official "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837.

A difference of opinion between an inmate and prison medical personnel—or between medical professionals—regarding appropriate medical diagnosis and treatment are not enough to establish a deliberate indifference claim.  Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004).  To establish a difference of opinion rising to the level of deliberate indifference, "plaintiff must show that the course of treatment the doctors chose was medically unacceptable under the circumstances." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

C. Analysis

Plaintiff's allegations are sufficient to allege a serious medical need.[4]  Plaintiff alleges that he has chronic significant mouth pain and soreness, exposed gums, difficulty chewing, recurring open cuts, and impairment of sleep.  At least one dentist – CTF's Dr. Wise – found plaintiff's dental problems sufficiently serious to recommend partial dentures and implement a treatment plan toward that goal.[5]  "A serious medical need exists if the failure to treat a prisoner's condition

---

[4] Defendants do not directly challenge plaintiff's assertion that his alleged dental complaints constitute serious medical needs, with the exception of stating, in support of their qualified immunity argument, that "Dr. Lor's exam did not raise any red flags, but instead, indicated Plaintiff did not have current dental problems." ECF No. 71 at 10 (citation to record omitted).

[5] Defendants assert that Dr. Wise's decision in partially granting plaintiff's CTF appeal was ambiguous; they argue that his decision, which authorized a treatment plan to scale/root plane four quadrants "before partial dentures can be fabricated," indicated that a final decision on (continued…)

1  could result in further significant injury or the unnecessary and wanton infliction of pain.  Either
2  result is not the type of routine discomfort that is part of the penalty that criminal offenders pay
3  for their offenses against society.  The existence of an injury that a reasonable doctor or patient
4  would find important and worthy of comment or treatment; the presence of a medical condition
5  that significantly affects an individual's daily activities; or the existence of chronic and
6  substantial pain are examples of indications that a prisoner has a 'serious' need for medical
7  treatment."  McGuckin, 974 F.2d at 1059-60 (citations, punctuation and internal quotation marks
8  omitted).

9  Defendants contend that they were not deliberately indifferent in responding to plaintiff's
10  serious medical needs because their decision to deny plaintiff's request for partial dentures was
11  dictated by the following provision of CDCR's Inmate Dental Services Program Policies &
12  Procedures (IDSPP&P), Dental Prosthodontic Services Guidelines:

> A dental prosthesis shall be constructed only when: . . . b. An inmate-patient is edentulous, is missing an anterior tooth, or has seven or fewer posterior teeth in occlusion. . . .

15  IDSPP&P Chapter 2.6, § III-A-4-b (hereafter "Prosthodontic Guideline").  However, plaintiff
16  does not assert that he meets the criteria of this guideline but that he is nevertheless entitled to
17  partial dentures under CDCR regulations and other IDSPP&P provisions.  Defendants' reliance
18  on the Prosthodontic Guideline to demonstrate the constitutionality of their response to plaintiff's
19  request is premature.  At this juncture, the court is required to assess whether the allegations of
20  plaintiff's FAC are sufficient to state a cognizable deliberate indifference claim against
21  defendants, not to reach an ultimate decision on the constitutionality of defendants' challenged

---

providing dentures would be determined after completion of the treatment plan. See ECF No. 71 (Mtn. to Dism.) at 11-12.  Defendant Zamora made a similar observation in denying plaintiff's CSS appeal at the third level, stating, "You have misinterpreted the First Level Response from CTF. In being partially granted, CTF meant you would receive all pre-prosthetic services prior to a final evaluation of the need for prosthetics." ECF No. 70 (FAC) at 20. However, as this court previously observed, "nowhere in this [CTF] appeal response does it explain that plaintiff's need for partial dentures will be evaluated only after he receives all the pre-prosthetic services in his treatment plan. Therefore, the exhibits attached to the complaint establish a difference of opinion between dental treatment providers." ECF No. 66 at 8.

10

conduct.

There are clear exceptions to the preclusive standard relied upon by defendants. CDCR regulations provide generally that "[t]reatments for conditions, which might otherwise be excluded, may be allowed pursuant to section 3350.1(d)." 15 C.C.R. § 3350(a). Section 3350.1(d), in turn, provides in pertinent part:

> (d) Treatment for those conditions that are excluded within these regulations may be provided in cases where all of the following criteria are met:
>
> (1) The inmate's attending physician or dentist prescribes the treatment as clinically necessary.
>
> (2) The service is approved by the Dental Authorization Review [DAR] committee and the Dental Program Health Care Review Committee for dental treatment. . . . The decision of the review committee, as applicable, to approve an otherwise excluded service shall be based on:
>
> (A) Available health and dental care outcome data supporting the effectiveness of the services as medical or dental treatment.
>
> (B) Other factors, such as: 1. Coexisting medical or dental problems. 2. Acuity. 3. Length of the inmate's sentence. 4. Availability of the service. 5. Cost.

More specifically, the IDSPP&P sets forth the procedure for obtaining dental prosthetic devices for inmates whose conditions do not fall strictly within the Prosthodontic Guideline. Thus, IDSPP&P Chapter 2.6, § III-E (hereafter "Special Prosthetic Needs Guideline") provides:

> E. Inmate-patients with Special Prosthetic Needs
>
> A dentist who diagnoses that a special dental prosthetic need exists for any inmate-patient may request an exemption by submitting a request to the DAR [Dental Authorization Review] Committee for review and approval. The request must include the items listed in Chapter 4.5-2 III. D. 1. as well as the following:
>
> • Inmate-patient history of prior prosthetic needs and replacements.
>
> • Providing dentist's recommendations concerning the fabrication or replacement of a removable prosthetic appliance.
>
> • Special circumstances that warrant the fabrication or replacement of a removable prosthetic appliance.

Requests pursuant to this provision must be submitted to the DAR Committee according to the following procedure, see IDSPP&P Chapter 4.5, § III-D-1 (hereafter "DAR Referral

11

Process"):

> D. Operational Steps for Requests or Referrals Requiring DAR Committee Action
>
> 1. The treating dentist shall base the request on a documented oral condition. At a minimum each request submitted shall include the following:
>
> a. Copy of inmate-patient dental record pertinent to the case.
>
> b. Copy of current radiographs (i.e. Panoramic, peri-apical, full mouth series) as necessary. Radiographs shall be labeled as outlined in Chapter 2.3-2 III. A. 2. a. 2) of this policy.
>
> c. Patient study models that are properly trimmed and labeled with the date and the inmate-patient's name and CDCR number.
> d. Any other relevant documents or information.

These several provisions demonstrate that, even when an inmate does not meet the standard criteria for obtaining a dental prosthetic device under the Prosthodontic Guideline, he may be entitled to an exemption under the Special Prosthetic Needs Guideline, if so determined by a dentist who then pursues the matter through the DAR Referral Process. Plaintiff's allegations must be viewed in light of this discretion.

Although plaintiff alleges in his FAC that defendants were "negligent" and should have abided by the decision reached at CTF, he also alleges that defendants ignored his symptoms of pain, soreness, exposed gums, open cuts, difficulty chewing and sleeping. ECF No. 70 at 3. Plaintiff cites Estelle, supra, 429 U.S. at 105, for the deliberate indifference standard of "intentionally interfering with treatment once prescribed." See ECF No. 70 (FAC) at 3. Plaintiff also cites regulation Section 3352.2(A)-(C),[6] which authorizes the establishment of CDCR's Dental Authorization Review (DAR) Committee, and provides in pertinent part:

> DAR committee decisions shall be based on criteria established in section 3350.1(d).[7] Committee decisions shall be documented in the inmate's unit health record. Cases that receive committee approval shall be forwarded, along with all supporting documentation, to the Dental Program Health Care Review

---

[6] Plaintiff also cites 15 C.C.R. § 3352.1, which authorizes the establishment of CDCR's Medical and Dental Headquarters Utilization Management (HUM) Committee.
[7] See n.2, supra, for regulatory definitions of "medical necessity" and "severe pain."

12

> Committee (DPHCRC).  The treating dentist shall notify the inmate of the committee's decision.

15 C.C.R. § 3352.2(c).  Taken together and liberally construed, the court finds that plaintiff's allegations articulate a claim that defendants were deliberately indifferent in failing to find that plaintiff's objective dental needs and related "severe pain" and other symptoms presented a "special dental prosthetic need," and thus "medical necessity" warranting a recommendation to the DAR that plaintiff be provided with partial dentures as an exemption to the provisions of the Prosthodontic Guideline.

However, it appears that the only named defendants with the expertise to make this assessment and recommendation were defendants Krieg (Supervising Registered Dental Assistant), and McDow (Supervising Dentist).  Their medical review of plaintiff's appeal at the First Level was premised on plaintiff's complaints therein of "prolong[ed] pain and suffering," ECF No. 70 at 7, 9-10; that the "removable and missing teeth (by the CDC) has caused me to have serious pain at meal time. . . . [including] cut[s] and bruises in areas of the gums being exposed," id. at 9; and that "I have been waiting at least a year, resulting in pain and suffering; physical and mental," id. at 10.  Defendants Krieg and McDow exercised their medical judgment to conclude not only that plaintiff's objective dental needs and subjective complaints did not come with the criteria of the Prosthodontic Guideline, but that these factors did warrant a Special Prosthetic Needs exemption request to the DAR.

The remaining defendants – Feichter and Zamora – relied on the dental assessments of Krieg and McDow in reviewing plaintiff's administrative appeal at the second and third levels.  Neither Feichter nor Zamora interviewed plaintiff or obtained further assessments of his dental needs, but relied on the medical assessments of Krieg and McDow.  To state a cognizable deliberate indifference claim against an administrative prison official, plaintiff must plausibly allege that the official knowingly failed to respond to unconstitutional medical treatment or conditions.  See Jett, 439 F.3d at 1098 (citing, inter alia, Estelle, 429 U.S. at 104).  Plaintiff's allegations do not assert any basis upon which Feichter or Zamora could reasonably have inferred that plaintiff's care failed to meet constitutional standards.  Moreover, inmates are unable to state

1   a cognizable claim that prison officials failed to favorably respond to their inmate grievance. See
2   e.g. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003). Therefore, the undersigned finds that
3   the FAC fails to support a cognizable claim against Feichter or Zamora. For this reason,
4   defendants Feichter and Zamora should be dismissed from this action.

5       VI.    <u>Defendants' Motion to Dismiss Premised on Qualified Immunity</u>

6       Defendants contend, alternatively, that they are entitled to qualified immunity. Based on
7   the court's assessment of the FAC, this contention now applies only to defendants Krieg and
8   McDow.

9       "Qualified immunity balances two important interests – the need to hold public officials
10  accountable when they exercise power irresponsibly and the need to shield officials from
11  harassment, distraction, and liability when they perform their duties reasonably." Pearson v.
12  Callahan, 555 U.S. 223, 231 (2009). The objective of the qualified immunity doctrine is to ensure
13  "that 'insubstantial claims' against government officials be resolved" early in the litigation.
14  Anderson v. Creighton, 483 U.S. 635, 640 n.23 (1987) (citation omitted). A defendant's qualified
15  immunity defense will be rejected if, construing the facts in the light most favorable to plaintiff, it
16  may reasonably be concluded that defendant violated a constitutional right that was then clearly
17  established. Saucier v. Katz, 533 U.S. 194, 201 (2001).

18      A qualified immunity defense may be asserted in a motion to dismiss. See Pearson, 555
19  U.S. at 232 ("'we repeatedly have stressed the importance of resolving immunity questions at the
20  earliest possible stage in litigation'") (quoting Hunter v. Bryant, 502 U.S. 224, 227 (1991) (per
21  curiam)). However, if factual disputes remain outstanding and there has been no significant
22  change in the law since the time of defendants' challenged conduct, the defense is generally
23  unhelpful. In the instant case, relevant legal principles concerning Eighth Amendment medical
24  deliberate indifference claims were clearly established at the time of defendants' challenged
25  conduct. "It is settled law that deliberate indifference to serious medical needs of prisoners
26  violates the Eighth Amendment." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996) (citing
27  Estelle, 429 U.S. at 104). "For a right to be clearly established it is not necessary that the very
28  action in question have previously been held unlawful. To define the law in question too

narrowly would be to allow defendants to define away all potential claims." Jackson, 90 F.3d at 332 (citations and internal quotation marks omitted).  The decision whether defendants Krieg and/or McDow were deliberately indifferent to plaintiff's serious medical needs will turn on evidence generated pursuant to the discovery process and be determined on a motion for summary judgment or at trial.  Therefore, at the present time, the undersigned cannot say as a matter of law that the challenged conduct of these defendants was not deliberately indifferent. Accordingly, defendants' qualified immunity defense should be denied.

VII.   Conclusion

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1. Defendants' motion to dismiss be granted in part;

2. Defendants Freichter and Zamora be dismissed from this action; and

3. This action proceed on plaintiff's Eighth Amendment medical deliberate indifference claims against defendants Krieg and McDow.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 2, 2015

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

15