UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD LOPEZ,          Plaintiff,     v.  J. KRIEG, et al.,          Defendants. | No.  2:13-cv-1176 KJM AC P   ORDER |

Plaintiff is a state prisoner proceeding pro se in an action brought under 42 U.S.C. § 1983. Plaintiff requests appointment of counsel for the following reasons:  plaintiff states that he is unable to afford counsel; that his imprisonment "will greatly limit his ability to litigate;" that the issues involved in this action "are complex, and will require significant research and investigation if and when this case proceeds to trial;" and that counsel will be required at trial to "present evidence and cross-examine witnesses."  ECF No. 81.  This is plaintiff's third request for appointment of counsel; his prior requests were denied without prejudice.  See ECF Nos. 7, 12, 29, 32.

This case proceeds on plaintiff's First Amended Complaint, filed October 27, 2014, ECF No. 70, on plaintiff's Eighth Amendment medical deliberate indifference claims against defendants Krieg and McDow.  See ECF Nos. 76, 79 (granting in part and denying in part defendants' motion to dismiss).

1

As this court has previously informed plaintiff, district courts lack authority to require counsel to represent indigent prisoners in Section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on plaintiff. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances warranting the appointment of voluntary counsel. Id.

In the present case, plaintiff's reasons for seeking appointment of counsel reflect circumstances common to most prisoners – indigence, imprisonment, and counsel better trained and positioned to conduct discovery and proceed to trial. Moreover, the factual and legal issues are circumscribed in this case, and plaintiff has demonstrated the capacity to ably articulate his claims pro se, demonstrated by surviving defendants' motion to dismiss. A discovery and scheduling order issued on August 12, 2015, ECF No. 82, and plaintiff appears fully capable of identifying any additional evidence that would support his claims, and formulating his discovery requests accordingly.[1]

Thus, having considered the factors under Palmer, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

////

---

[1] Plaintiff's discovery requests may include the following: (1) requests for admission (yes-or-no statements of fact) directed to each defendant, see Fed. R. Civ. P. 36; (2) up to twenty-five interrogatories (questions) directed to each defendant, see Fed. R. Civ. P. 33; and (3) requests for copies of documents, electronically stored information, or other tangible evidence directed to each defendant, see Fed. R. Civ. P. 34.

1    Accordingly, IT IS HEREBY ORDERED that plaintiff's August 10, 2015 motion, ECF
2 No. 81, for the appointment of counsel is denied without prejudice.
3 DATED: August 12, 2015

                                                  ALLISON CLAIRE
                                                  UNITED STATES MAGISTRATE JUDGE