UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD LOPEZ, | No. 2:13-cv-1176 KJM AC P |
| Plaintiff, | |
| v. | ORDER |
| J. KRIEG, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action challenging the denial of plaintiff's request for partial dentures. Discovery closed in this action on January 15, 2015; the deadline for filing dispositive motions is April 15, 2016. See ECF No. 86. Presently pending is plaintiff's motion for appointment of a neutral expert witness. See ECF No. 92. In support of his motion, plaintiff asserts that his claims rest on complex medical evidence, that he lacks medical and legal expertise, and that the conduct challenged in this action occurred at the Sierra Conservation Center in Jamestown while plaintiff is now inconveniently incarcerated at the Correctional Training Facility in Soledad.

The district court has discretion to appoint a neutral expert witness pursuant to Rule 706(a) of the Federal Rules of Evidence. See also Walker v. American Home Shield Long Term Disability Plan, 180 F.3d 1065, 1071 (9th Cir. 1999) ("district court . . . has the discretion to appoint an expert sua sponte under Federal Rule of Evidence 706(a)"). In addition, pursuant to

1

Rule 702, "If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise . . . ." Fed. R. Evid. 702.  Compensation for such experts is determined by the court and payable by the parties "in the proportion and at the time that the court directs." Fed. R. Evid. 706(c)(2).

However, the in forma pauperis statute, 28 U.S.C. § 1915, "does not waive payment of fees or expenses for witnesses." Dixon v. Ylst, 990 F.2d 478, 480 (9th Cir. 1993).  More specifically, "[t]he plain language of section 1915 does not provide for the appointment of expert witnesses to aid an indigent litigant." Pedraza v. Jones, 71 F.3d 194, 196 (5th Cir. 1995); accord, Boring v. Kozakiewicz, 833 F.2d 468, 474 (3d Cir. 1987), cert. denied, 485 U.S. 991 (1988) (district court has no authority under Section 1915 to pay or waive expert witness fees in civil damage suits); see also Tedder v. Odel, 890 F.2d 210, 211 (9th Cir. 1989) ("Although the plain language of section 1915 provides for service of process for an indigent's witnesses, it does not waive payment of fees or expenses for those witnesses.").

In the instant case, plaintiff requests appointment and payment of an expert witness to serve, essentially, as his advocate in this action.  Because there is no authority for granting this request, the motion will be denied.  However, this decision will not impact the court's later consideration whether to appoint a neutral expert witness if so indicated.

Accordingly, for the foregoing reasons, IT IS HEREBY ORDERED that plaintiff's motion for appointment of an expert witness, ECF No. 92, is denied.

DATED:  March 23, 2016.

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE